VAN BRUNT, P. J.
The decedent, Henry Bronson, prior to his death, had his domicile in the city of New Haven, in the state of Connecticut, where he died on the 26th of November, 1893. At the time of his death he owned bonds issued "by railroad corporations incorporated under the laws of New York, and stocks of various corporations incorporated under the laws of New York. All the bonds and the certificates for all the stock in question had been, and at the time of the decedent’s death were, in his possession,.at his domicile. ‘ He left a will by which he bequeathed these bonds and stock to residents of the state of Connecticut; and all the bonds and stock in question were formally transferred, before the initiation of these proceedings, to the residuary legatees, by the executors. This proceeding was begun to compel the payment of a transfer tax on all the property in question, under the provisions of chapter. 399 of the Laws of 1892. The imposition of the tax was contested by the executors and residuary legatees on the ground that none of said bonds and stocks were properly subject to a transfer tax in the state of New York, since the bonds and certificates of stock were all at the time of decedent's death, and for some time had been, in the state of Connecticut, where the decedent had his domicile. The appraiser appointed by the surrogate to appraise the property in question, made his report, appraising the value of the stocks and bonds ; and by a subsequent order the interest of the beneficiaries was determined, and the tax fixed. From this order the executors and legatees appealed to the surrogate, and the surrogate affirmed the order fixing the tax, and from the order thereupon entered this appeal is taken.
The statute above referred to imposes a tax upon the transfer of any property, real or personal, beyond a certain value—First, when the transfer is by will, or by the intestate laws of this state, from any person dying seised or possessed of the property while a resident of the state; and, second, when the transfer is by will or intestate law, of property within the state, and the decedent was a nonresident of the state at the time of his death. The want of power of this state to tax personal property,, under the circumstances above mentioned, so far as the bonds are concerned, does not seem open to question since the decision of the United States supreme court in the Case of State Tax on Foreign-Held Bonds, 15 Wall. 300-308. It was there held that the bonds issued by a railroad company are undoubtedly property, but property in the hands of the holders, not property of the obligors, and that, so far as they are held by nonresidents of the state, they are property beyond the jurisdiction of the, state. It is urged, however, upon the part -of the respondent, that there, may be a difference between the character of property in bonds and of that in certificates of stock, and that it was held In re *205 James, 144 N. Y. 12; 62 St. Rep. 855, that the share certificates which a testator holds represents the interest which he possesses in the corporation which issued them, and the legal situs of that species of personal property is where the corporation exists, or where the testator has his domicile. It was not necessary, in the case cited, to determine which was the legal situs of the personal property, because the testator was a native of Great Britain, and the stocks and bonds in question were stocks and bonds of foreign corporations. -The court recognized the fact that the situs of property, such as certificates of stock and bonds was not governed by the fact that such certificates and bonds were physically within this state. In that case the certificates and bonds were at the time of the death of the testator in this state; and it was held that they were not property in this state, within the meaning of the act, and could not properly be included in the testator’s estate here, for the purpose of taxation under the act. In the case of Enston’s Will, 113 N. Y. 174; 22 St. Rep. 569, this rule was recognized ; the court saying that such property as stocks, bonds, and other dioses in action, attends the owner, and has its situs at his domicile, unless there is something in the policy of the statute, or- its language, which shows a different legislative intent. In re Romaine, 127 N. Y. 80; 38 St. Rep. 76, it was held that the personal property of a nonresident, invested oi habitually kept by him in this state, is subject to taxation under the collateral inheritance tax law. In re Swift, 137 N. Y. 77; 50 St. Rep. 81, and in re Merriam’s Estate, 141 N. Y, 479; 57 St. Rep. 593, the testator was a resident of the state; and it was held that certain personal chattels without the state, in the one case, and the stocks of foreign corporations in the other case, should be included in the appraisement of the estate for the purpose of taxation; “ the decision in each case,” the court say in re James, above cited, “ of course, resting upon the theory that the legal situs of the personalty should be regarded as at the owner’s domicile.” A consideration of the rules laid down by the court in the cases cited indicates clearly that no distinction is made between the stocks of corporations and the bonds of such corporations, in respect to the rule that the domicile of the owner fixes the place of taxation where the securities are kept at the domicile of the owner.
We are of opinion, therefore, that the orders appealed from should be reversed, with costs and disbursements.
All concur.